**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1878-15T1

SANDRA RIOTTO,

       Plaintiff-Appellant,

v.

FAIRFIELD GARDEN CENTER and
FERNICOLA PROPERTIES, LLC,

       Defendants-Respondents.

_____

       Argued September 14, 2017 — Decided September 27, 2017

       Before Judges Simonelli, Haas and Rothstadt.

       On appeal from Superior Court of New Jersey,
       Law Division, Essex County, Docket No. L-0306-
       13.

       Christopher T. DiGirolamo argued the cause for
       appellant (Maggiano, DiGirolamo & Lizzi, PC,
       attorneys; Mr. DiGirolamo and Daniel LaTerra,
       on the brief).

       Michael A. Cassata argued the cause for
       respondent Fairfield Garden Center (Barrett
       Lazar, LLC, attorneys; Virginia M. Barrett,
       of counsel; Marc B. Schuley, on the brief).

       Robert G. Devine argued the cause for
       respondent Fernicola Properties, LLC (White
       and Williams, LLP, attorneys; Mr. Devine, of
       counsel and on the brief; Christopher P.
       Morgan, on the brief).

PER CURIAM

Plaintiff Sandra Riotto appeals from the summary judgment dismissal of her personal injury negligence complaint against defendants Fairfield Garden Center (Fairfield) and Fernicola Properties, LLC (Fernicola) (collectively defendants). We reverse.

The evidence submitted by the parties in support of, and in opposition to, defendants' summary judgment motions is in sharp conflict, especially on the issues of proximate cause and foreseeability. We view this evidence in the light most favorable to plaintiff, the non-moving party. Polzo v. Cty. of Essex, 209 N.J. 51, 56 n.1 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

Fernicola owns property along Route 46, a busy four-lane, two-way highway. It leased a portion of this property to Fairfield, which used it to operate a garden center. Members of the Fernicola family are involved in the ownership and operation of both businesses.[1] However, the extent of the connection between the defendants is not fully fleshed out in the record.

---

[1] Fernicola leased the remainder of the property to another company also owned, at least in part, by members of the Fernicola family. That company operated a store on its section of the land and is not involved in this litigation.

Sometime in 2006, defendants built a large island at the entrance of the garden center to draw attention to the business. The island housed a permanent, decorative Koi pond structure that featured a 900-pound cement fish statue and a seven-foot-tall rock waterfall. The perimeter of the island was surrounded by two or three layers of four-inch-tall brick pavers. An entrance gate and an exit gate were located adjacent to the island.

The two westbound travel lanes of Route 46 at the site of the island each measured twelve feet in width, and the shoulder along the right side of the roadway was approximately ten feet wide. Defendants constructed the island approximately one foot away from the fog line of Route 46.

According to plaintiff's accident reconstruction expert's report, "nearly all of the island [was] outside [defendants'] property line and within the right-of-way of Route 46. In fact, less than 20% of the island [was] within the property line of the" garden center. The pavers were also within the right-of-way. Plaintiff's expert opined that "the placement of these structures within the right-of-way was in violation of the Fairfield Township Zoning Code[,]" as well as "state and federal codes which govern the encroachment of structures into the public right-of-way."

In the early afternoon of March 3, 2011, plaintiff was driving in the westbound right lane of Route 46. A drunk driver was

driving in the left lane. That driver drove his vehicle into the right lane and stuck the driver's side door of plaintiff's car.

According to plaintiff's expert, when the drunk driver hit plaintiff's car, both vehicles began to spin clockwise toward defendants' island. The drunk driver's car struck a utility pole near the edge of the shoulder of the road. The expert opined that the left tires of plaintiff's car "came in contact with the layers of pavers which made up the perimeter of [defendants'] island," and "and began a driver-side leading rollover. During the rollover sequence, [plaintiff's car] came in contact with several structural elements located within the island[.]" Plaintiff sustained serious injuries as a result of the crash.

Plaintiff's theory of the case against defendants was that she would have been able to recover control of her vehicle after being struck by the drunk driver's car if defendants had not placed the island within the right-of-way of Route 46 at the scene of the accident. Her expert noted that the garden center's property line was approximately forty feet "from the edge of the traveled way on Route 46 West." Therefore, the expert found that "had no obstructions, such as the island/decorative display been placed within the right-of-way in front of the Fairfield Garden Center, this portion of Route 46 West would have had a clear zone width of [forty] feet." However, because of the placement of defendants'

island and the surrounding pavers outside their property line and in the right-of-way of Route 46, plaintiff only had "a clear zone of approximately [ten] feet" to attempt to regain control of her car. As a result, plaintiff struck the pavers, which caused her car to become airborne and roll over multiple times.

On the question of foreseeability, plaintiff presented proofs indicating that it was essentially only a question of time before defendants' improper placement of the island within the right-of-way caused an accident like she sustained. In addition to the report of her accident reconstruction expert, plaintiff produced several studies showing that obstructions placed in mandatory "clear zones" of highways are a major cause of accidents, and result in one highway death every twenty-one minutes. Thus, plaintiff asserted that any driver who had to leave the road suddenly at the site of the island would not have been able to safely do so because of the island's location within the right-of-way.

As noted above, defendants disputed plaintiff's factual allegations and presented expert reports of their own supporting their view. Defendants argued that plaintiff's car became airborne as soon as she was struck by the drunk driver and, therefore, the island did not exacerbate the situation. On the question of foreseeability, defendants asserted that there had been no prior

accidents specifically involving the island[2] and, therefore, they had no way of knowing that placing the island within the right-of-way would place drivers in danger.[3]

Based upon the parties' widely divergent factual presentations, the trial judge concluded, after oral argument, that summary judgment was inappropriate on the issue of whether defendants' island was the proximate cause of plaintiff's injuries. In the face of these same contested proofs, however, the judge found that defendants owed plaintiff no duty of care. The judge reasoned that even assuming that defendants placed the island in the right-of-way in violation of federal, state, and municipal law, the laws defendants violated did not specifically impose a duty upon them to keep the right-of-way clear of obstructions. Therefore, the judge issued an order granting defendants' motions for summary judgment and dismissing plaintiff's complaint.

---

[2] There had been at least one other accident directly in front of the garden center. In that incident, a driver had a heart attack, left the highway, and struck a "changeable sign" in front of one of the buildings. In addition, there had been other accidents near the garden center.

[3] Fernicola separately alleged that Fairfield was solely responsible for the construction of the island and that it had no ownership interest in Fairfield. However, because discovery had not been completed, the trial judge did not address this issue and the record is insufficient to enable us to consider it on appeal.

Plaintiff filed a motion for reconsideration and asserted she was not required to establish a statutory cause of action because defendants had a common law duty to avoid harm to another, and that they breached this duty when they placed the island in the right-of-way. In his oral decision, the judge found the common law duty of care would apply, but he determined that the accident was not foreseeable because there had been no prior accidents involving the island. Therefore, the judge denied the motion and this appeal followed.

On appeal, plaintiff argues that the trial judge mistakenly concluded that the accident was not foreseeable based solely upon his consideration of the lack of prior accidents involving the island. We agree.

In the context of determining the existence of a duty of care to avoid harm to another, foreseeability is

> "the knowledge of the risk of injury to be apprehended. The risk reasonably to be perceived defines the duty to be obeyed; it is the risk reasonably within the range of apprehension, of injury to another person, that is taken into account in determining the existence of the duty to exercise care."
>
> [Clohesy v. Food Circus Supermarkets, 149 N.J. 496, 503 (1997) (quoting Hill v. Yaskin, 75 N.J. 139, 144 (1977)).]

In other words, the probability of injury to another is the basis for the creation of a duty to avoid such injury, and therefore the

test of negligence is whether "a reasonably prudent and careful person should have anticipated, under the same or similar circumstances, that injury to the plaintiff or to those in a like situation would probably result." Kuzmicz v. Ivy Park Apartments, Inc., 147 N.J. 510, 533 (1997) (quoting Hill, supra, 75 N.J. at 144). Questions of foreseeability are ordinarily left for the jury to decide. Hill, supra, 75 N.J. at 144.

In Clohesy, the Court specifically rejected the argument that the foreseeability determination is made by resort solely to the existence of prior incidents at the scene, adopting instead a "totality of the circumstances" test. Supra, 149 N.J. at 514. The Court stated:

> The mere fact that a particular kind of incident had not happened before is not a sound reason to conclude that such an incident might not reasonably have been anticipated. Generally, our tort law, including products liability, does not require the first victim to lose while subsequent victims are permitted to at least submit their cases to a jury.
>
> [Id. at 516.]

To be sure, prior accidents at the scene of a highway obstruction are relevant in determining foreseeability. Ibid. However, the Court has recognized that even in the absence of a prior accident, foreseeability may still be found if the circumstances demonstrate that the defendant has placed an

"unreasonable and unnecessary danger to travelers upon the highway." Seals v. Cty. of Morris, 210 N.J. 157, 175 (2012) (holding under the totality of the circumstances that the question of whether it was foreseeable that a motorist would strike a utility pole near the shoulder of a road was inappropriate for resolution on a motion for summary judgment) (quoting Stern v. Int'l Ry. Co., 115 N.E. 759, 761 (N.Y. Ct. App. 1917)). Indeed, in Seals, the Court noted that not "[e]very potential hazard abutting our roads and highways can[] be eliminated; our roadways cannot be made perfectly safe. But that does not mean that certain known and unacceptable risks that pose great danger should not be minimized." Ibid.

We review a trial court's order granting summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Thus, we examine the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law. Ibid. Summary judgment should be denied unless the moving party's right to judgment is so clear that there is no room for controversy. Akhtar v. JDN Props. at Florham Park, LLC, 439 N.J. Super. 391, 399 (App. Div.), certif. denied, 221 N.J. 566 (2015).

Applying that standard, and in light of the principles discussed above, we conclude that plaintiff presented sufficient evidence to warrant the submission of the issue of foreseeability to the jury. Plaintiff's expert was prepared to opine that the large island, surrounded by layers of brick pavers, and located just a foot from the fog line in the right-of-way of busy Route 46, was the proverbial "accident waiting to happen." Any driver leaving the road at that location, whether from being struck by another vehicle, having a flat tire, or suffering a heart attack was going to strike a solid structure, likely become airborne, and sustain serious injuries.

Plaintiff also presented various studies and reports demonstrating that obstructions placed within a highway's right-of-way are a leading cause of traffic fatalities. In addition, the scene in front of the garden center had not been accident-free. At least one other driver had left the road and hit a sign in front of the property. There had also been a number of other accidents near the garden center. In light of this evidence, a jury could certainly find it was foreseeable that the large structure defendants placed in the right-of-way posed a known and unacceptable risk that posed a great danger to the motoring public. Seals, supra, 210 N.J. at 175.

As noted above, defendants strongly challenge the conclusions of plaintiff's expert and the other evidence of foreseeability plaintiff provided to the trial court. On this highly contested record, however, that challenge is one that must be determined by a jury. Hill, supra, 75 N.J. at 144.

Accordingly, we reverse the order granting summary judgment to defendants and remand for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION